```
           IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                  CENTRAL DIVISION
_____

FEROSA BLUFF,                       )
                                    )
          Petitioner,               )  Case No. 2:06-CV-835 DAK
                                    )
     v.                             )  District Judge Dale A. Kimball
                                    )
STATE OF UTAH et al.,               )  MEMORANDUM DECISION
                                    )
          Respondents.              )  Magistrate Judge David Nuffer
_____
```

Petitioner, Ferosa Bluff, an inmate at Utah State Prison, requests habeas corpus relief.[1] Because Petitioner filed her petition past the applicable period of limitation, the Court denies her.

## BACKGROUND

Petitioner was convicted in Utah state court of first-degree murder, with a sentence of five years to life; second-degree felony child abuse, with a sentence of one-to-fifteen years; and second-degree felony sexual abuse, with a sentence of one-to-fifteen years. These convictions were affirmed on direct appeal by the Utah Supreme Court. A petition for writ of certiorari to the United States Supreme Court was denied on January 27, 2003. For purposes of federal habeas review, that is the date on which Petitioner's convictions became final.[2]

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

[2] Lawrence v. Florida, 127 S. Ct. 1079, 1083-84 (2007).

Petitioner filed her first federal habeas petition in this Court on July 18, 2003.[3]  Based on failure to exhaust in the state courts, the petition was denied without prejudice on March 5, 2004.[4]  A footnote specifically cautioned Petitioner of the possible effect of the one-year period of limitation on a future federal habeas petition, noting that the time in which the first federal habeas petition was pending before this Court did not toll the running of the period of limitation.[5]

Indeed the limitation period continued to run through the pendency of that federal habeas petition, until it was tolled with fourteen days to spare, on January 13, 2004, the date upon which Petitioner filed a state petition for post-conviction relief.  The state post-conviction-relief process ended on March 30, 2005, when the Utah Supreme Court denied Petitioner's petition for certiorari review.  This triggered the running of the limitation period again, which expired fourteen days later, on April 13, 2005.  Petitioner's petition for writ of certiorari

---

[3] *Bluff v. Davis*, No. 2:03-CV-635-DAK (D. Utah July 18, 2003).

[4] *Id.* (March 5, 2004).

[5] *Id.* at n.3 (quoting 28 U.S.C.S. § 2244(d) (2008) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."); citing *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 2129 (2001) (holding time during which federal habeas petition is pending does not toll period of limitation)).

in the United States Supreme Court did nothing to stop it.[6]  When Petitioner filed this federal petition on October 22, 2006, she was more than eighteen months late.

Petitioner excuses her failure to timely file her petition, asserting that newly discovered evidence shows her actual innocence.  Petitioner also re-argues the evidence presented at trial; without detailing how, accuses her counsel at trial and on direct appeal of conspiring with the prosecution to prejudice her case; and contends, based on her own perspective of the evidence, that the medical examiner perjured herself on the stand at trial.  Based on these circumstances, she argues that the Court should apply equitable tolling to rescue her from the period of limitation's operation.

## ANALYSIS

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to

---

[6] *Lawrence*, 127 S. Ct. at 1083 ("Read naturally, the text of the statute [28 U.S.C.S. 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application.  As we stated in *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (internal quotation marks omitted), a state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'  This Court is not a part of a 'State's post-conviction procedures.'  State review ends when the state courts have finally resolved an application for state postconviction relief.  After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open.  An application for state postconviction review no longer exists.  All that remains is a separate certiorari petition pending before a *federal* court.  The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

file a petition on time."[7]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[8]  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[9]

The Court first addresses Petitioner's contention that the period of limitation should be tolled because she is actually innocent.  "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial.  Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'"[10]  Further, this evidence must "affirmatively demonstrate[ the petitioner's] innocence," not just "undermine the finding of guilt against . . . her."[11]  After presenting such

---

[7] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[8] *Stanley v. McKune*, No. 05-3100, 2005 WL 1208931, at *2 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)).

[9] *Lovato v. Suthers*, No. 02-1132, 2002 WL 1500844, at *2 (10th Cir. July 15, 2002) (unpublished).

[10] *Rose v. Newton-Embry*, No. 05-6245, 2006 WL 2536601, at *1 (10th Cir. Sept. 5, 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)), *cert. denied*, 127 S. Ct. 2039 (2007).

[11] *Green v. Kansas*, No. 06-3118, 2006 WL 2171529, at *3 (10th Cir. Aug. 3, 2006) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (internal citations & quotations omitted)).

evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'"[12]  Such evidence is so very rare, though, that "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[13]

Beyond this, "Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period.  The record must also demonstrate that the habeas petitioner has pursued h[er] claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances."[14]

The evidence Petitioner raises to support her declaration of actual innocence is not really new:  It is a few photographs apparently taken by the medical examiner, showing bruising on the victim's feet and arms, among other things.  It appears that these particular photos were not presented at trial; still, they were presumably available for use at trial.  Petitioner does not say why they were not used, nor does she say they were kept from her.  She also admits that she had them throughout her state

---

[12] *See Rose*, 2006 WL 2536601, at *1 (quoting *Schlup*, 513 U.S. at 329).

[13] *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted).

[14] *York v. Jordan*, No. 05-CV-021-JHP-FHM, 2006 WL 770635, at *3 (N.D. Okla. Mar. 23, 2006) (citation omitted); *see also Thompson v. Simmons*, No. 98-3270, 1999 WL 339697, at *1 (10th Cir. May 28, 1999) (unpublished) ("While we have intimated actual innocence may be grounds for equitable tolling under § 2244(d)(1), we have emphasized that prisoners must diligently pursue their claims to avail themselves of equitable tolling.").

post-conviction proceedings, which ended more than eighteen months before she filed here.  Thus, even if the photographs were "new evidence," Petitioner would not qualify to proceed.

By statute--if the photos were new evidence--she could have met the period of limitation only if she had brought her petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[15]  As noted, she discovered the photos, at the latest, before she filed her state post-conviction petition, yet she still did not file here until more than eighteen months after her petition's denial became final.

Beyond all this, an allegation of actual innocence, as stated earlier, may not stand alone to equitably toll the period of limitation.  Petitioner must also show that she diligently pursued her claims.[16]  The record here does not bear out such diligence.  The "new evidence" alleged by Petitioner was brought to her attention long before she filed this federal habeas petition.  The photos are arguably not new evidence at all, having been taken before trial.  Further, giving Petitioner the benefit of the doubt, she latest she could have known about the evidence was January 13, 2004, when she filed her state petition for post-conviction relief.  The state post-conviction process

---

[15] 28 U.S.C.S. § 2244(d) (2008).

[16] *York*, 2006 WL 770635, at *3; *see also Thompson*, 1999 WL 339697, at *1.

ended on March 30, 2005. Yet, Petitioner did not bring this federal petition until over eighteen months later. This lack of diligence alone convinces this Court to refuse Petitioner's quest for application of the actual-innocence doctrine to effect her freedom from further confinement.

Moreover, in light of the extensive evidence upon which the jury based its verdict, it seems highly unlikely that these photos alone would have swayed a reasonable juror to necessarily find Petitioner not guilty. Jurors would also have had to buy Petitioner's story, over the prosecution's, to explain the bruising. The evidence has an undermining nature rather than an affirmatively exculpatory nature.

The Court finally addresses Petitioner's other arguments for equitable tolling. She rehashes the evidence, urging its insufficiency to convict her; asserts, without specific facts, that her counsel at trial and on direct appeal conspired with the prosecution to prejudice her case; and maintains the medical examiner must have perjured herself during her trial testimony because the other evidence (such as the "new" photos), in Petitioner's perspective, does not support the testimony. None of these allegations support equitable tolling. They do not explain how extraordinary circumstances external to Petitioner

intervened to prevent her from filing this federal habeas petition in her more than eighteen months of inaction after her state post-conviction process ended.

CONCLUSION

The current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling, including Petitioner's allegation of actual innocence, apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is denied because it is barred by the applicable period of limitation.

DATED this 29th day of February, 2008.

BY THE COURT:


_____
DALE A. KIMBALL
United States District Judge